**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ELVIN LeBRON,**

                              **Plaintiff,**                    **9:05-CV-172**
                                                          **(GLS/DRH)**

                    **v.**

**D. SWAITEK, _et al._,**

                              **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

ELVIN LeBRON
Plaintiff, _Pro Se_
95-A-0121
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO              STEPHEN M. KERWIN
New York Attorney General         Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### I. **Introduction**

Plaintiff Elvin LeBron brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, ninety-two employees of the New York State Department of Correctional Services ("DOCS"), violated his constitutional rights under the First and Fourteenth Amendments.  LeBron's amended complaint was referred to Magistrate Judge David R. Homer pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Northern District of New York.  Upon the motion of sixty-nine of the defendants, Judge Homer issued a Report-Recommendation and Order recommending dismissal of all claims against the moving defendants.  *See Report-Recommendation and Order; Dkt. 127.*[1]  Additionally, Judge Homer recommended that the amended complaint be dismissed without prejudice as to the non-moving defendants, for failure to serve.  *Id.*  Now pending before the court is LeBron's timely objection to the Report-Recommendation.  *See Dkt. 130.*

Upon careful consideration of the arguments, the record, and the applicable law, the court concludes that five of LeBron's seven claims

_____

[1]The Clerk is directed to append Judge Homer's Report-Recommendation to this decision, and familiarity is presumed.  *See Dkt. 127.*

2

should be dismissed in their entirety.  However, the claim denominated

"Claim Four" in LeBron's amended complaint survives, but only to the

extent that it states a due process claim against certain defendants, and to

the extent that it states a First Amendment retaliation claim against certain

defendants.  Additionally, the claim denominated "Claim Seven" survives,

but only to the extent that it states a First Amendment claim of interference

with mail.  Thus, for the reasons stated below, the Report-

Recommendation is adopted in part and rejected in part.

## II. **Standard of Review**

Before entering final judgment, this court routinely reviews all report-

recommendations in cases it has referred to a Magistrate Judge.  If a party

has objected to specific elements of the Magistrate Judge's findings and

recommendations, this court reviews those findings and recommendations

*de novo.  See Almonte v. N.Y. State Div. of Parole,* No. 9:04-CV-484, 2006

WL 149049, *6-7 (N.D.N.Y. Jan. 18, 2006).  Even in those cases where no

party has filed an objection, this court reviews the findings and

recommendations of a Magistrate Judge under a clearly erroneous

standard.  *Id.*

LeBron has filed several specific objections to Judge Homer's

3

Report-Recommendation.  *See generally Dkt. 130.*  First, LeBron objects to Judge Homer's recommendation that Claims One and Two be dismissed as untimely.[2]  Second, LeBron objects to Judge Homer's determination that LeBron was not subjected to the type of atypical and significant confinement that is required to establish a due process claim.  Third, LeBron argues that Judge Homer erroneously concluded that the named defendants lacked the authority to expunge his disciplinary record.  Finally, LeBron asserts that Judge Homer failed to consider his First Amendment claims, and that the Report-Recommendation erroneously recommended dismissal of Claim Four in spite of Judge Homer's determination that said claim was not barred by the statute of limitations.  In light of LeBron's specific objections, the court has reviewed the foregoing determinations *de novo.*  The court has reviewed the remainder of Judge Homer's Report-Recommendation for clear error.

### III.  Discussion

### A.    Equal Protection and Fourth Amendment Claims

LeBron asserts seven claims in his amended complaint, each

---

[2]LeBron also argues that Claim Five is not barred by the statute of limitations. However, Judge Homer did not hold that Claim Five was time-barred.

alleging "First Amendment, due process, and equal protection violations." *See Dkt. 6 at ¶¶ 38, 84, 112, 200, 251, 291, 352.* Judge Homer determined that LeBron's amended complaint is devoid of any allegations that would support an equal protection claim. LeBron has not challenged this determination, and this court agrees with Judge Homer's conclusion. Accordingly, LeBron's equal protection claims are dismissed.

On its face, LeBron's amended complaint asserts no Fourth Amendment claims. However, reading the amended complaint liberally, Judge Homer recognized that LeBron may have alleged a deprivation of his Fourth Amendment protection against unreasonable searches and seizures. Even assuming that LeBron had alleged a Fourth Amendment violation, Judge Homer concluded that LeBron had no viable claim on that ground. *See Dkt. 127, p. 15, n. 14.* LeBron has not objected to this conclusion, and the court is in full agreement with Judge Homer. Accordingly, LeBron's Fourth Amendment claims, if any, are dismissed.

**B.** **Due Process Claims**

Judge Homer has recommended that the due process claims asserted in Claims One, Two, Five, Six, and Seven be dismissed in their entirety. The Report-Recommendation may also be construed as

5

recommending dismissal of the due process claim asserted in Claim Four, although it mentions this claim only in passing. *See Dkt. 127, p. 12, n. 11.*[3]

Upon *de novo* review, the court agrees with and adopts Judge Homer's recommendation that the due process claims asserted in Claims One, Two, Five, Six and Seven should be dismissed. With respect to Claim Four, the court concludes that the due process claim asserted therein should survive dismissal only with respect to those defendants whose personal involvement is alleged.

### 1.   Claims One and Two are Barred by the Statute of Limitations

Judge Homer recommended dismissal of Claims One and Two on statute of limitations grounds. In his objections to the Report-Recommendation, LeBron asserts that a prisoner must exhaust his state remedies as well as his administrative remedies before bringing a § 1983 claim. Thus, with respect to Claim Two, he argues that his state action tolled the running of the statute of limitations until January 14, 2002, the date that the results of the subject disciplinary proceedings were

_____

[3]As to Claim Three, Judge Homer construed this claim as asserting only a violation of LeBron's right of access to the courts. Thus, neither Judge Homer's Report-Recommendation, nor this opinion, should be read as ignoring the purported "due process" claim asserted in Claim Three. Rather, as discussed below, Claim Three is dismissed in its entirety, because LeBron has failed to state a claim for denial of access to the courts.

administratively reversed.  *See Dkt. 130, p. 1.*[4]

LeBron's contention that pursuit of state remedies tolls the statute of limitations in a § 1983 action is an incorrect statement of law.  *See Abbas v. Dixon,* 480 F.3d 636, 641 (2d Cir. 2007) ("We have held . . . that a plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983.").  Thus, under the three year statute of limitations applicable to LeBron's § 1983 claims,[5] Claims One and Two are time-barred.  As Judge Homer noted, the statute of limitations began to run on these claims when LeBron knew his rights were violated.  *See Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir. 1980).  As such, LeBron's first and second causes of action accrued, at the latest, on June 19, 2000 and August 24, 2000, respectively, the dates that his administrative appeals were denied.  Therefore, LeBron's objections based on tolling of the statute of limitations are without merit.

---

[4]LeBron also argues that Claims Five, Six, and Seven are not time-barred.  *See Dkt. 130, p. 1.*  However, Judge Homer did not base his dismissal of these claims on the statute of limitations.  LeBron also argues that Claim One constituted an ongoing violation for which the statute of limitations did not accrue until July 2, 2000.  *Id.*  Even accepting this as true, the complaint, deemed filed on January 13, 2005, was still untimely with respect to Claim One.

[5]*See Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994).

Accordingly, defendants' motion to dismiss is granted as to the due process claims asserted in Claims One and Two.  Moreover, to the extent that Claims One and Two assert equal protection and First Amendment claims, such claims are dismissed as untimely as well.

### 2. Claims One, Two, Five, Six and Seven Fail to State a Due Process Claim

In Claims One, Two, Five, Six and Seven, LeBron asserts due process violations arising out of procedurally improper disciplinary hearings.  As a threshold matter, in order to establish a due process violation, a prisoner must demonstrate that a liberty interest has been infringed.  *See Palmer v. Richards,* 364 F.3d 60, 64 (2d Cir. 2004).  "A prisoner's liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Id.* (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

With respect to Claims One, Two, Five, and Seven, Judge Homer determined that LeBron could not establish, as a matter of law, that the confinement to which he was subjected was "atypical and significant," because in each case LeBron was sentenced to keeplock of 30 days or

less.  *See Dkt. 127, pp. 11-12.*  The court concurs with Judge Homer's

conclusion–which LeBron does not contest–that, absent additional

allegations of atypicality, keeplock of 30 days or less is not alone "atypical

and significant" confinement.  *See Smart v. Goord,* 441 F. Supp. 2d 631,

640 (S.D.N.Y. 2006); *Davidson v. Murray,* 371 F. Supp. 2d 361, 368-69

(W.D.N.Y. 2005).[6]  Therefore, LeBron has not established that a liberty

interest has been infringed.  Accordingly, the due process claims asserted

in Claims One, Two, Five, and Seven are dismissed.

　　With respect to Claim Six, LeBron has alleged that he was sentenced

to 180 days in the special housing unit ("SHU").  The court need not decide

whether a sentence of this length is "atypical and significant," because, as

Judge Homer noted, LeBron's sentence was administratively reversed

before he had served any portion of it.  *See Dkt. 127, pp. 12-14.*  LeBron

has not contested Judge Homer's finding in this regard.  The court agrees

---

[6]LeBron's amended complaint contains no allegations that would indicate that the keeplock confinement to which he was sentenced was atypical and significant.  In his objections to the Report-Recommendation, LeBron has attempted to supplement the allegations in his amended complaint by setting forth a laundry list of deprivations to which he was subjected.  The court will not consider these belated allegations.  *See Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir. 1998) (noting that it is within the district court's discretion to refuse to allow supplementation of the record upon its review of a Report-Recommendation); *Bester v. Dixion,* No. 03-cv-1041, 2007 WL 951558, *3 (N.D.N.Y. March 27, 2007) ("Allowing Plaintiff to raise in his objections legal and factual arguments not presented to the Magistrate Judge defeats the very purpose of the report and recommendation procedure . . . .").

with Judge Homer that LeBron suffered no interference with a liberty interest with respect to Claim Six, and, accordingly, the due process claim asserted in Claim Six is dismissed.

### 3. Claim Four States a Due Process Claim With Respect to Certain Defendants

The court agrees with Judge Homer that Claim Four is not barred by the statute of limitations.  *See Dkt. 127, pp. 10-11.*  Since LeBron has alleged a loss of good time credit as a result of the subject disciplinary hearing, LeBron's cause of action did not accrue until October 23, 2002, when the disciplinary hearing was administratively reversed.[7]  *See Jenkins v. Haubert,* 179 F.3d 19, 28 (2d Cir. 1999).

Although Claim Four survives dismissal on statute of limitations grounds, it fails to adequately allege the personal involvement of many of the defendants.  It is axiomatic that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir. 1986)

---

[7]Moreover, it appears that the last event giving rise to Claim Four occurred on January 21, 2002, *see Dkt. 6, ¶ 164,* within three years of the deemed filing of LeBron's complaint on January 13, 2005.

10

(citation and quotation omitted).[8]

Under a liberal construction of LeBron's amended complaint, defendants Mehrmann, Faulkner, and McLaughton are the only defendants who are alleged to have conducted or participated in the allegedly procedurally defective disciplinary hearing conducted on or about January 16, 2002.  *See Dkt. 6, ¶¶ 149-162.*  Accordingly, LeBron has stated a due process claim with respect to these three defendants.[9]

LeBron has also alleged that certain defendants failed to reverse his sentence upon being notified of the due process violations that occurred at his disciplinary hearing.  *See Dkt. 6, ¶¶ 166-198.*  The Second Circuit has held that an official has the requisite personal involvement for liability under § 1983 when, *inter alia*, "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong."  *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995).  A number of district courts have held that the language in *Colon* should not be construed so broadly as to impose

---

[8]In assessing whether Claim Four states a due process claim, the court has considered only the issue of personal involvement.  The parties have not briefed the issue of whether the disciplinary hearing conducted on or about January 16, 2002, was, in fact, procedurally improper, and the court will not address that issue at this time.

[9]However, as discussed below, these defendants have not been served, and thus, the amended complaint is dismissed without prejudice as to them.

liability on any and all officials to whom a prisoner complains. *See, e.g.,*
*Johnson v. Wright,* 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002) (collecting
cases).  This makes eminent sense; certain officials, even those in
supervisory positions, simply may not have the authority to review and
redress a prisoner's complaints.  However, personal involvement will be
found "where a supervisory official receives and acts on a prisoner's
grievance or otherwise reviews and responds to a prisoner's complaint."
*Id.*  LeBron's amended complaint adequately alleges, for purposes of
withstanding a motion to dismiss under Rule 12(b)(6), that the following
defendants reviewed his appeals, and declined to rectify the alleged
constitutional violations: L. Leclaire,[10] Sanders, Ricks, Roy, Burke, McNulty,
Goord, Selsky, Donelli, Racette, LeFevre, Pasquil, Annucci, Murphy, and
McCoy.  *See Dkt. 6, ¶¶ 166-198.*  Accordingly, LeBron has stated a due
process claim with respect to these defendants.[11]

LeBron also alleges that certain defendants planted evidence and
wrote misbehavior reports prior to the January 16, 2002, disciplinary

---

[10]LeBron's amended complaint does not specify which of the three "LeClaire"
defendants is alleged to have denied his grievances; however, the defendants have indicated
that it was "L. LeClaire."  *See Dkt. 112, p. 14.*

[11]However, as discussed below, several of these defendants have not been served, and
thus, the amended complaint is dismissed without prejudice as to them.

hearing. *See Dkt. 6, ¶¶ 134-147.* However, the filing of a misbehavior report–even a false one–"does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." *Williams,* 781 F.2d at 324. Similarly, the act of planting evidence does not, of itself, violate due process. Due process is implicated only at the point that a prisoner is denied the procedural protections that would enable him to prove that the evidence against him has been fabricated. *See Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law."). Accordingly, LeBron fails to state a due process claim with respect to those defendants who are only alleged to have engaged in conduct prior to the disciplinary hearing.

In summary, Claim Four states a due process claim only with respect to the following 18 defendants: Mehrmann, Faulkner, McLaughton, L. LeClaire, Sanders, Ricks, Roy, Burke, McNulty, Goord, Selsky, Donelli, Racette, Lefevre, Pasquil, Annucci, Murphy, and McCoy. Accordingly, with

the exception of these 18 defendants, the due process claims asserted in

Claim Four are dismissed *with prejudice* as to all other defendants.

Moreover, the due process claims asserted in Claim Four are dismissed

*without prejudice* as to Mehrmann, Faulkner, McLaughton, Sanders, Ricks,

Lefevre, and Pasquil, for failure to serve.[12]

## C.   **First Amendment Claims**

In his objections to the Report-Recommendation, LeBron notes that

Judge Homer failed to analyze his First Amendment claims.[13]  This is only

partly correct.  Judge Homer did address LeBron's claim of denial of

access to courts, which is a species of First Amendment claim.  *See Davis*

*v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003); *Cancel v. Goord,* No. 00-cv-

2042, 2001 WL 303713, *3 (S.D.N.Y. March 29, 2001).   Nevertheless, to

the extent that LeBron's amended complaint may also be read as alleging

First Amendment retaliation claims and claims of interference with outgoing

mail, the court will address the merits of such claims in the first instance

---

[12]The docket indicates that John Mehrmann has been served.  *See Dkt. 80.*  However, the acknowledgment of service indicates that, in fact, a "James Meehan" was served.  *Id.*

[13]Each of LeBron's seven claims may be read as asserting some form of First Amendment claim.  However, as noted above, Claims One and Two are barred by the statute of limitations.  Thus, in this section, the court discusses only the First Amendment claims asserted in Claims Three through Seven.

herein.

### 1.    Retaliation Claims

With respect to Claims Four, Five, and Six, LeBron's objections to the Report-Recommendation clarify that he believes that defendants retaliated against him after he had engaged in protected speech.  *See Dkt. 130, p. 3.* To survive dismissal, a plaintiff asserting a First Amendment retaliation claim must advance non-conclusory allegations "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  *Davis,* 320 F.3d at 352 (quoting *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir. 2001)).  In regards to causation, "the temporal proximity of an allegedly retaliatory misbehavior report to a grievance may serve as circumstantial evidence of retaliation." *Gayle v. Gonyea,* 313 F.3d 677, 683 (2d Cir. 2002) (citation omitted).

In Claim Four, LeBron alleges that his complaints of harassment and his filing of a "facility claim" led to multiple acts of retaliation, including random searches of his cell, the planting of contraband in his cell, and the fabrication of misbehavior reports.  *See Dkt. 6, ¶¶ 115-141.*  With respect to the first prong of a retaliation claim, LeBron's complaints of harassment

constituted protected speech. *See Graham v. Henderson,* 89 F.3d 75, 80 (2d Cir. 1996). As to the second prong, LeBron has alleged that the defendants took adverse action against him, in the form of retaliatory misbehavior reports and the retaliatory planting of evidence. *See Gill v. Pidlypchak,* 389 F.3d 379, 384 (2d Cir. 2004); *Rodriguez v. McClenning,* 399 F. Supp. 2d 228, 239-240 (S.D.N.Y. 2005).[14] Finally, LeBron has sufficiently alleged the causation element of a First Amendment retaliation claim by showing a temporal proximity between his protected speech and the adverse actions taken against him. *See Dkt. 6, ¶¶ 132-147.*

Thus, Claim Four states a claim for First Amendment retaliation. Accordingly, the defendants' motion to dismiss the First Amendment retaliation claim asserted in Claim Four is denied with respect to all defendants, with the exception of defendants Woodroof, Olson, M. LeClaire, and Bushie. The First Amendment retaliation claim asserted in Claim Four is dismissed with respect to defendants Woodroof, Olson, M. LeClaire, and Bushie, because LeBron has not alleged that these

---

[14]By contrast, the alleged searches of LeBron's cell provide no support for a First Amendment retaliation claim. Inmates have no reasonable expectation of privacy in their prison cells, and thus "no constitutional right to be free from cell searches of any kind, including retaliatory cell searches." *Rodriguez v. McClenning,* 399 F. Supp. 2d 228, 239 (S.D.N.Y. 2005) (collecting cases).

defendants participated in any prohibited retaliatory conduct.[15]

Turning now to Claims Five and Six, LeBron has failed to state a retaliation claim.  There are, quite simply, no allegations of retaliation in Claim Five.  LeBron asserts that he was issued a misbehavior report, *see Dkt. 6, ¶ 217,* but nowhere in the amended complaint does he state that this misbehavior report was issued in retaliation for his exercise of First Amendment rights.[16]  The same is true of Claim Six; the claim does not allege, even in conclusory terms, that any retaliatory conduct occurred.

### 2.    Access to Courts Claims

Construing LeBron's amended complaint broadly, Judge Homer interpreted Claims Three and Five as alleging a denial of access to courts. Judge Homer recommended that these claims be dismissed.  LeBron has not objected to this recommendation.  The court agrees with Judge

---

[15]Additional defendants named in Claim Four have also moved for dismissal, arguing lack of personal involvement.  *See Dkt. 112, pp. 13-15.*  However, the court is unable to conclusively determine, at this stage, that these additional defendants were not involved in the alleged retaliatory conduct (or the failure to redress).  Hence, the retaliation claim alleged in Claim Four is dismissed only with respect to Woodruff, Olson, M. LeClaire, and Bushie.

[16]In his opposition to the motion to dismiss, LeBron makes conclusory allegations of retaliation.  *See Dkt. 121, p. 7.*  However, unlike Claim Four, discussed above, the allegations in Claim Five of the amended complaint provide no basis for believing that circumstantial evidence might exist that would support LeBron's bare allegations of retaliation.  *See Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir. 1997) (dismissing, upon motion pursuant to Rule 12(b)(6), allegations of retaliation that were "unsupported, speculative, and conclusory").

Homer's conclusion that Claims Three and Five do not state a claim for denial of access to courts, because LeBron has failed to allege any actual injury. *See Monsky v. Moraghan,* 127 F.3d 243, 247 (2d Cir. 1997) ("In order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' *i.e.,* took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'") (citing *Lewis v. Casey,* 518 U.S. 343, 349-51 (1996)) (internal citations omitted). Accordingly, to the extent that Claims Three and Five allege a denial of access to courts, these claims are dismissed.[17] Moreover, to the extent that Claim Six may be read as alleging a denial of access to courts, this claim is dismissed as well, for the same reasons.

### 3.    Interference With Mail Claim

In Claim Seven, LeBron alleges that two of his outgoing letters were confiscated. *See Dkt. 6, ¶¶ 296, 299.* LeBron does not assert that the

---

[17]The court declines to provide LeBron the opportunity to amend his complaint, yet again, to include allegations of injury. In a Conditional Order of Dismissal, dated March 7, 2005, the court explicitly advised LeBron that his allegations regarding denial of access to courts were inadequate, and that "[i]n order to establish standing for a claim for denial of access to courts, an inmate must show that he has suffered an actual injury traceable to the challenged conduct of prison officials." *See Dkt. 4, p. 5.* The court accepted LeBron's amended complaint because it cured many of the defects of the original complaint. *See Dkt. 7.* However, upon closer review, at least insofar as the denial of access to courts claims are concerned, LeBron's amended complaint suffers from the same infirmities as his original complaint.

confiscation of the two letters interfered with his access to the courts, and, indeed, does not even allege that the letters constituted legal mail.  Thus, he has not stated a claim for denial of access to courts.  Accordingly, to the extent that Claim Seven may be read as asserting a claim of denial of access to courts, such claim is dismissed.

However, apart from the right of access to courts, "a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment."  *Davis,* 320 F.3d at 351; *see Moore v. Gardner,* 199 F. Supp. 2d 17, 33 (W.D.N.Y. 2002) ("Although prisoners' First Amendment mail claims are often intertwined with claims for denial of court access, they may exist separately.").  Thus, the court will address whether LeBron has stated a claim for the violation of his First Amendment rights arising out of the confiscation of two pieces of outgoing mail.

In short, for purposes of a Rule 12(b)(6) motion, he has.  The Second Circuit has held that restrictions on a prisoner's mail are justified only if they further the substantial governmental interests of security, order, and rehabilitation.  *Davis,* 320 F.3d at 351 (citation omitted).  Moreover, "courts have consistently afforded greater protection . . . to outgoing mail than to incoming mail."  *Id.* (citations omitted).  This is because "[t]he implications

of outgoing correspondence for prison security are of a categorically lesser magnitude than the implications of incoming materials." *Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989).

It may be the case that the confiscation of LeBron's outgoing mail was justified by legitimate governmental interests.  However, the defendants have not proffered any reasons for the confiscation,[18] and thus, it would be inappropriate to dismiss LeBron's claim at this time.  *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (reversing the district court's dismissal of claims relating to interference with plaintiff's outgoing and incoming mail, and noting that even two instances of mail interference may be sufficient to suggest a continuing activity); *Knight v. Keane,* 247 F. Supp. 2d 379, 384 (S.D.N.Y. 2002) (affirming magistrate judge's determination that dismissal was inappropriate where the record evidence was insufficient to establish that inspection of plaintiff's mail was based on good cause).  Accordingly, Claim Seven survives to the extent that it alleges a violation of LeBron's First Amendment right to send mail.[19]   **D.**

---

[18]The defendants' brief in support of their motion to dismiss did not address the First Amendment claim asserted in Claim Seven.  *See Dkt. 112, pp. 23-25.*

[19]In holding that the First Amendment mail claim asserted in Claim Seven survives, the court rejects the defendants' argument that LeBron has failed to exhaust his administrative remedies with respect to Claim Seven.  The parties dispute the issue of exhaustion, and the

**Injunctive Relief**

Judge Homer recommended that LeBron's request for injunctive relief be denied because LeBron has sued the defendants in their individual capacities only.  LeBron has objected to this recommendation, arguing that "it is a given that the named defendants are in a position to expunge the disciplinary determinations made against plaintiff." *Dkt. 130, p. 3.* Notwithstanding LeBron's unsupported assertion to the contrary, the court agrees with Judge Homer that the injunctive relief LeBron seeks is unavailable because the defendants have been sued in their individual capacities.  *See Ziemba v. Armstrong,* No. 3:02-cv-2216, 2004 WL 1737447, *2 (D. Conn. July 30, 2004) ("Injunctive relief may only be

---

court is not able to resolve this dispute on the basis of the facts before it.  Moreover, LeBron has suggested that even if he did not exhaust his administrative remedies, such failure to exhaust may be attributed to inhibitions imposed by the defendants.  *See Abney v. McGinnis,* 380 F.3d 663, 667 (2d Cir. 2004) ("Defendants may . . . be estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures.").

Additionally, the court rejects the defendants' argument that venue for Claim Seven is improper.  As defendants correctly note, venue is proper in "a judicial district where any defendant resides."  28 U.S.C. § 1391(b).  In this case, at least one defendant named in Claim Seven resides in the Northern District of New York.  *See Dkt. 11 (Acknowledgement of Service as to Anthony Annucci).*  The defendants have not argued that Annucci was not personally involved in the First Amendment violations asserted in Claim Seven; indeed, as stated above, the defendants' brief does not address Claim Seven insofar as it asserts a First Amendment claim.  Moreover, for the reasons discussed above in connection with Claim Four, the court is unwilling to hold, at this stage of the proceedings, that LeBron's amended complaint does not state a claim with respect to defendants such as Annucci, who are alleged only to have failed to remedy a claimed constitutional violation.

21

recovered from parties in their official capacities.") (citations omitted). Accordingly, LeBron's claims for injunctive relief are dismissed.

## IV. <u>Conclusion</u>

Having considered LeBron's objections and reviewed Judge Homer's findings of fact and conclusions of law, the court adopts Judge Homer's Report-Recommendation to the extent that it recommends dismissal of all of LeBron's equal protection and Fourth Amendment claims, as well as the due process claims asserted in Claims One, Two, Three, Five, Six, and Seven. The court rejects the Report-Recommendation to the extent that it recommends the complete dismissal of the due process claim asserted in Claim Four. The due process claim asserted in Claim Four is dismissed as to all defendants *except* L. LeClaire, Roy, Burke, McNulty, Goord, Selsky, Donelli, Racette, Annucci, Murphy, and McCoy.

As to the First Amendment claims, the court adopts Judge Homer's Report-Recommendation to the extent that it recommends dismissal of the denial of access to courts claims asserted in Claims Three and Five. Additionally, all First Amendment claims asserted in Claims One, Two, Three, Five, and Six are dismissed. The First Amendment retaliation claim asserted in Claim Four survives as to all defendants except Woodroof,

Olson, M. LeClaire, and Bushie.  The First Amendment claim of interference with mail asserted in Claim Seven survives as to all defendants.

Finally, the court adopts the Report-Recommendation to the extent that it recommends dismissal of LeBron's requests for injunctive relief.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Judge Homer's September 25, 2006 Report-Recommendation (*Dkt. No. 127*) is accepted in part and rejected in part; and it is further

**ORDERED** that Claims One, Two, Three, Five, and Six are dismissed in their entirety; and it is further

**ORDERED** that the equal protection claims asserted in Claims Four and Seven are dismissed; and it is further

**ORDERED** that the Fourth Amendment claims asserted in Claims Four and Seven, if any, are dismissed; and it is further

**ORDERED** that the due process claim asserted in Claim Seven is dismissed; and it is further

**ORDERED** that the due process claim asserted in Claim Four is dismissed as to all defendants *except* L. LeClaire, Roy, Burke, McNulty,

Goord, Selsky, Donelli, Racette, Annucci, Murphy, and McCoy, and that

such dismissal is *without prejudice* as to Mehrmann, Faulkner,

McLaughton, Sanders, Ricks, LeFevre, and Pasquil, but is *with prejudice*

as to all other defendants; and it is further

     **ORDERED** that the defendants' motion to dismiss the First

Amendment retaliation claim asserted in Claim Four is DENIED as to all

defendants *except* that the motion to dismiss the First Amendment

retaliation claim asserted in Claim Four is GRANTED as to defendants

Woodroof, Olson, M. LeClaire, and Bushie; and it is further

     **ORDERED** that the denial of access to courts claim asserted in Claim

Seven is dismissed as to all defendants; and it is further

     **ORDERED** that the defendants' motion to dismiss the First

Amendment claim of interference with outgoing mail asserted in Claim

Seven is DENIED; and it is further

     **ORDERED** that the defendants' motion to dismiss LeBron's claims

for injunctive relief is GRANTED; and it is further

     **ORDERED** that the Clerk of the Court provide copies of this Order to

the parties by mail.

**IT IS SO ORDERED.**

Dated:      November 2, 2007
            Albany, New York

Gary L. Sharpe
U.S. District Judge