UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELVIN LEBRON,

                              Plaintiff,

                                                          9:05-CV-0172
                    v.                                    (GLS)(DRH)

D. SWAITEK, *et al.*,

                              Defendants.


APPEARANCES:                          OF COUNSEL:

ELVIN LEBRON
Plaintiff, *pro se*
95-A-0121
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ANDREW M. CUOMO            STEPHEN M. KERWIN, ESQ,
New York State Attorney General  Assistant Attorney General
Counsel for the Defendants
The Capitol
Albany, NY 12224

GARY L. SHARPE
U.S. DISTRICT JUDGE

## DECISION and ORDER

        Pro se plaintiff Elvin LeBron filed his complaint pursuant to 42 U.S.C.

§ 1983 on February 9, 2005.  Dkt. No. 1.  By Order of this Court filed March

7, 2005, LeBron was directed to file an amended complaint if he wished to

avoid dismissal of this action.  Dkt. No. 4.[1]  LeBron's amended complaint

(Dkt. No. 6) was accepted for filing and he was directed to submit copies of

his amended complaint for service on the ninety-five named defendants.

Dkt. Nos. 7.[2]  Upon LeBron's compliance, summonses were issued and

forwarded to the U.S. Marshal for service.  On November 4, 2005, sixty-

nine defendants filed a motion to dismiss the amended complaint pursuant

to Fed. R. Civ. P. 12(b)(6).  Dkt. No. 112.  LeBron opposed the motion.

Dkt. No. 121.  By Report and Recommendation of Magistrate Judge David

R. Homer filed September 26, 2006, the motion to dismiss was

recommended granted as to the moving defendants, and the defendants

not yet served were recommended dismissed without prejudice.[3]  Dkt. No.

127.  By Order of this Court filed on November 2, 2007, the Report and

Recommendation was accepted in part and rejected in part.  Dkt. No. 132.

That Order dismissed (1) Claims One, Two, Three, Five, and Six in their

entirety; (2) the equal protection claims asserted in Claims Four and

Seven; (3) the Fourth Amendment claims asserted in Claims Four and

---

[1] The March 7, 2005 Order also granted LeBron's *in forma pauperis* application.

[2] The amended complaint also names "John Doe" defendants.  Dkt. No. 6.

[3] All of the John Doe defendants as well as Cerne, Colleseno, Burns, Mayville, Ricks, Doyle, Whitford, Sorenzon, Faulkner, Olson, McLaughlin, Sanders, Pasquil, Lefevre, and Cayunta were at that time not served.

Seven; and (4) the due process claim asserted in Claim Seven. *Id.* at 23. The Order also dismissed certain defendants from the due process claim in Claim Four and from the First Amendment Retaliation claim in Claim Four. *Id.* at 23-24. The Order also dismissed the denial of access to the courts claim asserted in Claim Seven. *Id.* at 24. Finally, the Order denied defendants' motion to dismiss with respect to the First Amendment claim of interference with outgoing mail asserted in Claim Seven. *Id.*

Currently before the Court is LeBron's request for an order requiring counsel for the represented defendants to either provide him with the addresses of defendants Ricks, Kienert, Sanders, McLaughlin, Sorenzon, Faulkner, Mehrmann, Cayunta, and Pasquil, who have not yet been served with process, or in the alternative to accept service on behalf of them. Dkt. No. 136. LeBron also asks defendants' counsel to provide addresses for John Doe # 6 and John Doe # 8. *Id.* Additionally, LeBron seeks an order directing production of certain documents or information by the defendants. *Id.* Defendants oppose LeBron's requests. Dkt. No. 141. As to LeBron's request the defendants' counsel accept service on behalf of the defendants not yet served, defendants assert that they "have no obligation to assist the plaintiff in obtaining personal jurisdiction over these defendants ...

Furthermore, to the extent that any of these defendants is no longer employed by the New York State Department of Correctional Services, compliance would require that the residential address of the defendant be given to the plaintiff, exposing the defendant to potential danger and abridging his privacy right." *Id.* at 4.  Defendants further assert that LeBron's request for the addresses of John Doe defendants "is impossible to satisfy without knowing the true names of these defendants." *Id.* Defendants also state that LeBron's request that defendants provide him with documents or information "is inappropriate because (1) plaintiff had not previously served a discovery demand for these items or information;(2) plaintiff has not consulted with me in a good-faith effort to resolve a disagreement as to his discovery demands; and (3) some of the items or information sought relate to claims other than those not dismissed by District Judge Sharpe in his November 2, 2007 Memorandum-Decision and Order." *Id.* at 4-5.  LeBron has replied, asserting that (1) defendants do "have an obligation to provide to plaintiff discovery/addresses of the defendants in question relevant to Federal Rules of Civil Procedures 33, 34, and 45" and (2) "[p]laintiff has previously served a discovery demand for these items and information on December 23rd, 2005, and December

7th, 2007.  Plaintiff also requested to confer with counsel in a good faith-effort to resolve the disagreement as to discovery demands on February 17th, 2006...."  Dkt. No. 143 at 1.

## I.   Request for assistance with service

In this case, LeBron has been authorized by the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the U.S. Marshals Service was appointed to effect service of process of the summons and complaint on his behalf.  *See* Fed. R. Civ. Pro. 4(c)(2) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed *in forma pauperis*)); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [*in forma pauperis*] cases.").  Thus, once the plaintiff has identified the defendants, the Service must undertake to locate them and accomplish the service.  The Service is obligated to effect service of process in accordance with the Federal Rules of Civil Procedure and, if necessary, the Service must make multiple attempts at service.  *See Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994) (where defendant refused to acknowledge Service's request for waiver under Rule 4(d), Service must effect personal service under Rule 4(e)).  *Accord, Hurlburt v. Zaunbrecher*, 169 F.R.D. 258, 259 (N.D.N.Y.

1996) (Smith, M.J.).  *See also* L.R. 5.1(h) (Service obligated to make personal service at plaintiff's request if no acknowledgment is filed with Court).[4]

### A.   Defendants Kienert and Cayunta

LeBron seeks assistance in locating defendants Kienert and Cayunta. Dkt. No. 136 at 2.  Defendant Kienert was named only in Claim Three and Cayunta was named only in Claim Five.  *See* Dkt. No. 6.  Since the November 2, 2007 Order dismissed Claims Three and Five in their entirety, *see* Dkt. No. 132 at 23*,* Kienert and Cayunta were also dismissed. Accordingly, plaintiff's motion for assistance with service with respect to defendants Kienert and Cayunta is denied.

### B.   Defendants Ricks, Sanders, McLaughlin, Sorenzon, Faulkner, Mehrmann, and Pasquil

LeBron also seeks assistance in locating defendants Thomas Ricks, Thomas C. Sanders, Kevin L. McLaughlin, Sgt. Sorenzon, Capt. Faulkner, John Mehrmann, and C.C. Pasquil.  Dkt. No. 136 at 2. The Court has *sua sponte* reviewed the docket and has also determined that defendant M.

---

[4]  The Service's obligation to accomplish service of process on behalf of a plaintiff proceeding *in forma pauperis* has been construed to include, for example, efforts to locate a defendant who can no longer be served at the address provided by the plaintiff.  *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995); *Walker v. Navarro County Jail*, 1997 WL 42523, *2 (N.D.Tex. Jan. 24, 1997); *Candelaria v. Greifinger*, No. 96-CV-0017 (July 9, 1997) (Scanlon, M.J.);  *Jermosen v. Smith*, 1989 WL 153810, *1 (W.D.N.Y. Dec. 7, 1989).

LeFevre has yet to be served.  Service upon defendants Ricks, Sanders,

Sorenzon, Faulkner, and Mehrmann was returned unexecuted because

each of the defendants had retired from the Department of Corrections

(DOCS).  *See* Dkt. Nos. 14, 91.  Service upon McLaughlin, Pasquil, and

LeFevre was unsuccessful because each of these defendants were not

recognized as an employee of the facility at which service was attempted.

*See* Dkt. Nos. 55, 56, and 123.

In this case, where service on defendants was unsuccessful because

they were not on active assignment at the facility at which service was

attempted or they had retired from the DOCS, further steps must be taken

to either locate the individuals or, as frequently happens, to request that

DOCS General Counsel undertake to assist in locating them within the

DOCS system, or to be appointed as their agent for service of process.  In

light of the amount of time which has elapsed in this action, and in order to

avoid unnecessary delay, the Clerk is directed to send a copy of this Order

to DOCS General Counsel.  DOCS Counsel is requested to advise the

Clerk of the current employment status of defendants Thomas Ricks,

Thomas C. Sanders, Kevin L. McLaughlin, Sgt. Sorenzon, Capt. Faulkner,

John Mehrmann, C.C. Pasquil and M. LeFevre, and if any of them are not

actively employed, of any agreement by any of these individuals to appoint DOCS counsel as their agent for service of process in this action.  Upon receipt of any such information from DOCS General Counsel, the Clerk shall reissue a summons for the appropriate defendant and forward it to the U.S. Marshal for service on that defendant.

### C.    John Doe defendants

Turning to LeBron's request that defendants be required to provide him with addresses for John Doe # 6 and John Doe # 8, it does not appear to the Court that judicial intervention is warranted at this time.  LeBron's inability to effect service of process on these defendants is due not to his difficulty in locating them but rather to LeBron's present inability to properly identify them.  However, it does not appear that LeBron has undertaken to learn the identities of these individuals through interrogatories, requests for documents, or other discovery pursuant to the Federal Rules of Civil Procedure.  Accordingly, insofar as LeBron seeks an order of this Court directing defendants' counsel to disclose this information, LeBron's motion is denied, without prejudice.[5]  In order to assist LeBron in seeking this

---

[5]  Denial of LeBron's motion does not, of course, relieve defendants' counsel of his obligation to timely comply with a proper discovery request from LeBron seeking this information.

information through discovery, the Court will *sua sponte* reset the pretrial

deadlines as follows: discovery is **to be completed** by May 30, 2008;

motions to compel are to be filed by June 30, 2008; and dispositive motions

are to be filed by August 29, 2008.

## II.    Discovery requests

LeBron seeks an order directing production of certain documents or

information by the defendants.  Dkt. No. 136 at 3.  LeBron alleges that he

first sought the requested documents and information through discovery

and that he made any good faith efforts to resolve discovery issues with the

defendants. Dkt. No. 143 at 1.  Defendants allege that no such discovery

was conducted. Dkt. No. 141 at 4-5.

Construing this request as a motion to compel, Local Rule 26.2

provides in relevant part that:

> Any motion pursuant to Fed. R. Civ. P. 37 shall be
> accompanied by the discovery materials to which the motion
> relates if those materials have not previously been filed with the
> Court.

LeBron has not attached to this motion a copy of the alleged discovery

materials to which this motion relates as required by the Local Rules. The

Pretrial Scheduling Order previously issued in this case specifically advised

LeBron that, when filing a motion to compel, the related discovery materials

9

must be attached to the motion.  Dkt. No. 134 at 3.  Therefore, this motion is denied without prejudice for failure to comply with the Local Rules and the Pretrial Scheduling Order.

Moreover, to the extent that the discovery requested in this motion relates to allegations contained in Claims Five and Six, since Claims Five and Six have been dismissed, *see* Dkt. No. 132 at 23, LeBron may not seek discovery relating to those claims.[6]

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion (Dkt. No. 136) for an order of this Court directing defendants' counsel to disclose addresses of the individuals not served or to accept service on their behalf is **denied**, and it is further

ORDERED, that plaintiff's request (Dkt. No. 136) for an order of this Court directing defendants' counsel to ascertain and disclose addresses of the individuals referred to in the complaint as John Doe # 6 and John Doe # 8  is **denied**, and it is further

ORDERED, that plaintiff's request for discovery (Dkt. No. 136) is **denied**, and it is further

ORDERED, that the following pretrial deadlines are reset: discovery

---

[6] For example, requests 2-4 seem to relate exclusively to Claim Six.  Dkt. No. 136 at 3.

is **to be completed** by May 30, 2008; motions to compel are to be filed by June 30, 2008; and dispositive motions are to be filed by August 29, 2008, and it is further

ORDERED, that the Clerk send a copy of this Order to DOCS General Counsel. DOCS Counsel is requested to advise the Clerk of the current employment status of defendants Thomas Ricks, Thomas C. Sanders, Kevin L. McLaughlin, Sgt. Sorenzon, Capt. Faulkner, John Mehrmann, C.C. Pasquil and M. LeFevre, and, if any of the defendants are not actively employed, of any agreement by any of these individuals to appoint DOCS Counsel as agent for service of process in this action, and it is further

ORDERED, that upon receipt of the requested information from DOCS General Counsel, the Clerk shall reissue a summons and forward it to the U.S. Marshal for service on the appropriate defendant, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on the parties. The Clerk of the Court shall also send a copy of this Order to the U.S. Marshals Service and to Counsel's Office, New York State Department of Correctional Services, Harriman State Campus Building

11

#2,1220 Washington Avenue, Albany, NY 12226-2050.  The Clerk shall

also send to the Counsel's Office for DOCS a copy of the current docket

and the amended complaint.

Dated: March 19, 2008

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge