UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELVIN LEBRON,

                       Plaintiff,

v.                                               9:05-CV-0172
                                                        (GTS/DRH)

DONALD SELSKY; GLENN S. GOORD;
ANTHONY J. ANNUCCI; LUCIEN J. LeCLAIRE, JR.;
JOHN H. NUTTALL; JOHN J. DONELLI;
THOMAS J. RICKS; S. STUART; BRUCE J. SMITH;
JOHN J. LeCLAIRE; R. WELLS; SGT. SORENZON;
GREGORY L. BOYTON; LT. A.C. ROCQUE;
LT. J. COLBY; CAPT. FAULKNER;
DAVID L. McNULTY; B. JARVIS;
WILLIAM BURKE; KEVIN L. McLAUGHLIN;
THOMAS C. SANDERS; PEGGY WALCOTT;
RICHARD D. ROY; JOHN MEHRMANN; C.C. PASQUIL;
M. LEFERVE; CAPTAIN RACETTE; JOSEPH E. McCOY;
ROBERT J. MURPHY; MR. JEFFREY HALE;
C.O. McKERNON; J. LITWEILER;  LT. MARSHALL;
PAUL CHAPPINS, JR.; SUPT. MICHAEL McGINNIS;
D. HILLARD; D. SULLIVAN; LT. DONAHUE;
SGT. WETZEL; and CAPTAIN M. SHEAHAN,

                       Defendants.
_____

APPEARANCES:

ELVIN LEBRON
  Plaintiff, *Pro Se*
402 East 105th Street
New York, New York 10029

HON. ANDREW M. CUOMO                            STEPHEN M. KERWIN, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Elvin Lebron ("Plaintiff") against the forty above-captioned employees of the New York State Department of Correctional Services ("Defendants"), are the following: (1) Defendants' motion for summary judgment (Dkt. No. 179); (2) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Defendants' motion be granted in part and denied in part (Dkt. No. 194); (3) Defendants' Objections to the Report-Recommendation (Dkt. No.197); and (4) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 202). Also before the Court are Plaintiff's appeals from Magistrate Judge Homer's Orders denying (1) Plaintiff's motion to supplement the pleadings (Dkt. Nos. 186, 194, 202), (2) Plaintiff's two motions to strike certain documents from the record (Dkt. Nos. 187, 193, 194, 201, 202). For the reasons set forth below, the Report-Recommendation is adopted in part and modified in part; Defendants' motion for summary judgment is granted in its entirety; Magistrate Judge Homer's Order denying Plaintiff's motion to supplement the pleadings is affirmed; Magistrate Judge Homer's Orders denying Plaintiff's two motions to strike certain documents from the record are affirmed; and Plaintiff's Amended Complaint is dismissed in its entirety.

**I.      RELEVANT BACKGROUND**

      **A.      Plaintiff's Amended Complaint**

On February 9, 2005, Plaintiff filed his Complaint in this action. (Dkt. No. 1.) On April 7, 2005, he filed an Amended Complaint. (Dkt. No. 6.) Construed with the utmost of liberality, Plaintiff's Amended Complaint alleges that, between approximately November 29, 2001, and February, 2004, while he was incarcerated at Adirondack Correctional Facility ("Adirondack

C.F.") in Ray Brook, New York, his civil rights were violated in essentially the following six ways: (1) certain Defendants retaliated against him for filing grievances, in violation of his First Amendment rights; (2) certain Defendants unlawfully confiscated his mail, in violation of his First Amendment rights; (3) certain Defendants denied him access to the courts, in violation of his First Amendment rights; (4) certain Defendants denied him equal protection under the law, in violation of his Fourteenth Amendment rights; (5) certain Defendants denied him due process by refusing to answer and rectify his complaints, in violation of his Fourteenth Amendment rights; and (6) certain Defendants denied him due process at a disciplinary hearing, in violation of his Fourteenth Amendment rights. (*See generally id.*)

On November 2, 2007, the Court issued a Decision and Order dismissing the following claims from Plaintiff's Amended Complaint: (1) the majority of Plaintiff's Fourteenth Amendment due process claims; (2) his First Amendment claim for denial of access to the courts; and (3) his Fourteenth Amendment equal protection claim. (Dkt. No. 132.) As a result, currently before the Court are the following claims: (1) Plaintiff's Fourteenth Amendment due process claim against Defendants Faulkner, McLaughlin, Wells, and Mehrmann for refusing to answer and rectify his multiple complaints; (2) Plaintiff's Fourteenth Amendment due process claim against Defendants Selsky, Goord, Annucci, L. Leclaire, Donelli, Ricks, Sanders, Roy, Pasquil, Hillard, Leferve, Racette, McCoy, and Murphy based on actions and inactions that occurred during his disciplinary hearing; (3) Plaintiff's First Amendment confiscation of mail claim against Defendants Chappins, McGinis, Wetzel, Marshall, Sullivan, Donahue, Sheahan, Litweiler, Nuttal, LeClaire, Annucci, McKernon, and Hale; and (4) Plaintiff's First Amendment retaliation and false misbehavior report claim against Defendants Sorenzon, Stuart, Walcott,

McLaughlin, J. LeClaire, Smith, Boyton, Roque, Burke, L. LeClaire, Selsky, Murphy, Jarvis, Wells, Colby, Faulkner, and McNaulty. Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Defendants' Motion for Summary Judgement

On December 29, 2008, Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's remaining claims. (Dkt. No. 179.) Generally, in support of their motion for summary judgment, Defendants argue as follows: (1) various Defendants should be dismissed based upon the Court's Decision and Order of November 2, 2007; (2) Plaintiff has failed to establish his procedural due process claim against Defendant Faulkner; (3) because Plaintiff has not established an underlying due process violation, his due process claims against the remaining Defendants must be dismissed; (4) Plaintiff has failed to adduce evidence establishing his retaliation and false misbehavior report claim; (5) he has failed to establish a claim for illegal confiscation of mail; (6) his claims against most Defendants should be dismissed on the alternative grounds that Plaintiff has failed to exhaust his available administrative remedies; and (7) the Defendants against whom he has claims regarding which he did exhaust his administrative remedies are entitled to qualified immunity. (*Id.*)

On April 28, 2009, after an extension of time was granted by the Court, Plaintiff filed a response in opposition to Defendants' motion. (Dkt. No. 185.) Generally, in his response, Plaintiff argues as follows: (1) he has introduced evidence from which a rational factfinder could conclude that Defendants violated his Fourteenth Amendment procedural due process rights during the disciplinary hearing; (2) he has introduced evidence from which a rational factfinder

4

could conclude that Defendants did not have reasonable cause to inspect his outgoing mail, and therefore the subsequent confiscation violated his First Amendment rights; (3) he has introduced evidence from which a rational factfinder could conclude that Defendants retaliated against him for filing a grievance against Officer Woodruff, in violation of his First Amendment rights[1]; (4) he has exhausted his administrative remedies with respect to all Defendants; and (5) Defendants are not entitled to qualified immunity.[2]

### C. Magistrate Judge Homer's Report-Recommendation and Orders

On September 11, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part. More specifically, Magistrate Judge Homer recommends as follows: (1) that Plaintiff's First Amendment claim for retaliation involving the cell search and subsequent issuance of a false misbehavior report *not* be dismissed due to the existence of genuine issues of material fact; (2) that Plaintiff's First Amendment claim for illegal confiscation of mail be dismissed; (3) that Plaintiff's Fourteenth Amendment due process claims be dismissed; and (4) that Defendants Leferve, McLaughlin, Mehrmann, Pasquil and Sanders be dismissed without prejudice for failure to effect service, pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b). (Dkt. No. 194.) Familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and

---

[1] According to Defendants, Plaintiff sent a letter to Defendant Walcott (of DOCS' office in Albany), which contained correction fluid (also known informally as "white-out"), a contraband substance pursuant to Adirondack C.F. rules. (Dkt. No. 194, at 5.) This letter, which has never been produced, is referred to by Plaintiff as the "phantom letter." (*Id*.)

[2] On May 19, 2009, Defendants filed a reply to Plaintiff's response, in which they reiterated their argument that Plaintiff's Amended Complaint should be dismissed in its entirety based on Plaintiff's failure to adduce evidence establishing any of his claims. (Dkt. No. 190, Attach. 3.)

Order, which (again) is intended primarily for the review of the parties.

In addition, on September 11, 2009, and November 18, 2009, Magistrate Judge Homer denied (1) Plaintiff's motion to supplement the pleadings (Dkt. Nos. 186, 194, 202), (2) Plaintiff's two motions to strike certain documents from the record (Dkt. Nos. 187, 193, 194, 201, 202).

### D.     Objections to Magistrate Judge Homer's Report-Recommendation

#### 1.     Defendants' Objections

On November 2, 2009, Defendants submitted their Objections to the Report-Recommendation.  (Dkt. No. 197.)  Generally, in their Objections, Defendants argue as follows: (1) Magistrate Judge Homer erred in not dismissing Plaintiff's retaliation and false misbehavior report claims because Plaintiff failed to introduce admissible record evidence that Defendant Walcott knew of his grievance against Woodruff, such that her notifying Defendant McLaughlin about his use of correction fluid could be deemed retaliatory, and "[t]he dismissal of Walcott dooms the remainder of [P]laintiff's retaliation claim"; and (2) even if Plaintiff's retaliation claim against Defendant Walcott remains, Defendants Sorenzon, Stuart, McLaughlin, J. LeClaire, Smith, Boyton, Roque, Burke, L. LeClaire, Selsky, Murphy, Jarvis, Wells, Colby, Faulkner, and McNaulty are entitled to qualified immunity as a matter of law because their actions were "objectively reasonable" based on the circumstances and the information they received.  (*Id*.)

#### 2.     Plaintiff's Objections

On December 3, 2009, after being granted an extension of time to do so by the Court, Plaintiff filed his Objections to Magistrate Judge Homer's Report-Recommendation, and his

Orders denying Plaintiff's three non-dispositive motions. (Dkt. No. 202.) Generally, in his Objections, Plaintiff argues, *inter alia*, as follows: (1) Magistrate Judge Homer erred in dismissing his due process claims because, *inter alia*, (a) Adirondack C.F. did not list or otherwise include correction fluid as a banned substance in any of its written materials, (b) certain testimony of Defendants LaClaire and Faulkner is missing from the hearing transcript and has not been produced, (c) Defendant Falkner improperly permitted a portion of the hearing to be conducted in Plaintiff's absence, without personally ensuring that Plaintiff understood the consequences of not participating in the "final day" of his hearing, and (d) Defendant Faulkner failed to make a "reasonable attempt" to locate Plaintiff's requested witness for the disciplinary hearing through the N.Y.S. Parole Board; (2) Defendants violated his constitutional rights by tampering with his mail because "their penological interest in maintaining compliance with facility rules via a mail watch was based on Directive 4421, . . . not 4422[,] which was not followed"; (3) Defendants who were involved in the due process violations and mail tampering incidents are not entitled to qualified immunity because they violated his constitutional rights; and (4) his motion to supplement the pleadings and his motion to strike certain evidence should have been granted. (*Id.*) Although Plaintiff's appeals from two of the last three non-dispositive motions were not arguably timely in nature, the Court will consider them, out of special solicitude to Plaintiff.

      E.    **Defendants' Response to Plaintiff's Objections**

On December 8, 2009, Defendants filed a response to Plaintiff's Objections. (Dkt. No. 203.) Generally, in their response, Defendants argue, *inter alia*, that Plaintiff's Objections contain an admission that the "phantom letter" that he sent to the DOCS in Albany contained

whiteout (a contraband substance).  (Dkt. No 203, at 2.)

    **F.**    **Plaintiff's Supplemental Objection**

On December 21, 2009, Plaintiff filed a Supplemental Objection to Defendants' Response, denying that he admitted sending a letter to an official in Albany that contained correction fluid, and clarifying Defendants' misreading of his statement for the Court.  (Dkt. No. 204.)[3]

**II.**    **APPLICABLE LEGAL STANDARDS**

    **A.**    **Standard of Review Governing a Report-Recommendation**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[4] When only general objections are made a magistrate judge's report-recommendation, the Court

---

[3] (*See also* Dkt. No. 202, at 1 [stating that "D.S.S. Mclaughlin never received a telephone call from Defendant Walcott on January 10th, 2002, *advising him* that Lebron possessed contraband because the letter Petitioner had sent to Albany contained white-out correction fluid (which was not banned from inmates.)"]; *see also* Dkt. No. 203, at 2 [stating that "the letter petitioner had sent to Albany contained white-out correction fluid (which was not banned from inmates)."].)

[4] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[5] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B.**    **Standard Governing a Motion for Summary Judgment**

Magistrate Judge Homer correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 194, at 12-13.) As a result, this standard is incorporated by reference in this Decision and Order.

**III.**    **ANALYSIS**

    **A.**    **Plaintiff's Retaliation Claim**

As stated in Part I.C. of this Decision and Order, Magistrate Judge Homer recommends that Plaintiff's First Amendment claim for retaliation involving the cell search and subsequent issuance of a false misbehavior report *not* be dismissed due to the existence of genuine issues of material fact. In their Objections, Defendants argue, *inter alia*, that Magistrate Judge Homer

---

[5]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

9

erred in not dismissing Plaintiff's retaliation claim because Plaintiff failed to introduce admissible record evidence that Defendant Walcott knew of Plaintiff's grievance against Woodruff, such that her notifying Defendant McLaughlin about his use of correction fluid could be deemed retaliatory. Defendants further argue that the dismissal of Walcott dooms the remainder of Plaintiff's retaliation claim.

To prevail on a First Amendment claim under 42 U.S.C. § 1983, a Plaintiff must prove by the preponderance of the evidence that: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff–namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action--in other words, that the protected conduct was a "substantial or motivating factor" in the defendants' decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d 489, 492 [2d. Cir. 2001]). Under this analysis, adverse action taken for both proper and improper reasons may be upheld if the action would have been taken based on the proper reasons alone. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) [citations omitted].

As an initial matter, although the record establishes that Plaintiff sent a letter to DOCS' office Albany, which was reviewed by Defendant Walcott,[6] there is no admissible record evidence from which a rational factfinder could conclude that Defendant Walcott knew of

---

[6] (Dkt. No. 179, Attach. 6, at 23-24; Dkt. No. 185, Attach. 4, at 66; *cf.* Dkt. No. 179, Attach. 2, at 68-69 [attaching pages 66-67 of Plaintiff's deposition transcript, in which he testified that he may have sent a letter containing correction fluid to someone in DOCS' office in Albany, which Defendant Walcott subsequently obtained].)

Plaintiff's grievance against Officer Woodruff when she reviewed Plaintiff's letter.[7]  Under the circumstances, Plaintiff's retaliation claim cannot survive Defendants' motion for summary judgment.  *See Murray v. Pataki*, 03-CV-1263, 2009 WL 981217, at *10 (N.D.N.Y. Apr. 9, 2009) (Suddaby, J. adopting Treece, M.J.) ("[T]here is no evidence on the record that Defendants . . . knew about those Grievances; nor is there any indication as to why those Defendants would retaliate against Plaintiff for grievances filed against other officers.  For their part, Forth and Jones swear they had no knowledge of Plaintiff's prior Grievances against Irwin and Travers.  Plaintiff has failed to show any evidence of a causal connection between the Grievances he filed against Irwin and Travers and the alleged retaliatory actions of Forth, Jones, and Girdich.  Therefore, it is recommended that Plaintiff's retaliation claims be dismissed against Defendants Forth, Jones, and Girdich.").

Moreover, even assuming that Defendant Walcott knew of Plaintiff's grievance against Officer Woodruff, "retaliatory searches are not actionable under § 1983." *Walker v. Keyser*, 98-CV-5217, 2001 WL 1160588, at *9 (S.D.N.Y. Oct. 2, 2001) (citing, *inter alia*, *Higgins v. Artuz*, 94-CV-4810, 1997 WL 466505, at *4 [S.D.N.Y. Aug.14, 1997] [finding that "[s]earches of cells

---

[7]   For example, Defendants have not been able to produce the letter in question, and the evidence in the record indicates that the subject matter of the letter is unknown.  (Dkt. No. 185, Attach. 4, at 66.)  Moreover, the evidence in the record indicates that Defendant Walcott, who works at DOCS' office in Albany, telephoned Adirondack C.F. on or about January 10, 2002, and told non-party Barbara Granish merely that she had reviewed a letter containing correction fluid from Plaintiff (i.e., not that she knew that Plaintiff had filed a grievance against Officer Woodruff and/or that she wanted to retaliate against Plaintiff for filing a grievance).  (Dkt. No. 179, Attach. 14, at 5; Dkt. No. 179, Attach. 6, at 23; Dkt. No. 185, Attach. 4, at 66.)  Finally, the evidence in the record indicates that DOCS' Central Office Review Committee ("CORC") in Albany received Plaintiff's appeal of his grievance filed against Woodruff on January 14, 2002–four days *after* Defendant Walcott's telephone call to Ms. Granish.  (Dkt. No. 179, Attach. 3, at 20.)

implicate no protected constitutional rights, even if the search is arbitrary or retaliatory in nature"]).[8]

Furthermore, even assuming that a retaliatory cell search can constitute adverse action (either alone or in conjunction with the issuance of a misbehavior report that results in a disciplinary conviction that is subsequently reversed on appeal), Plaintiff has failed to adduce admissible record evidence from which a rational factfinder could conclude that his grievance against Officer Woodruff "was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). To the contrary, the record rather clearly establishes that Defendant McLaughlin ordered Defendants Smith and J. LeClaire to conduct a search of Plaintiff's cell because McLaughlin had been informed that Plaintiff had sent a letter containing correction fluid to DOCS' office in Albany, which had been reviewed by Defendant Walcott. (Dkt. No. 179, Attach. 6, at 24.) The record further establishes that the misbehavior report was issued not with retaliatory intent, but simply because contraband–including three bottles correction fluid–was in fact recovered from Plaintiff's cell during that search.[9] Finally, the Court cannot help but note that the record establishes that the

---

[8] *See also Demaio v. Mann*, 877 F. Supp. 89, 95 (N.D.N.Y. 1996) (Kaplan, J.); *Payne v. Axelrod*, 871 F. Supp. 1551, 1556 (N.D.N.Y. 1995) (Kaplan, J.); *Freeman v. Goord*, 02-CV-9033, 2005 WL 3333465 at *5 (S.D.N.Y. Dec. 7, 2005); *Rodriguez v. McClenning*, 399 F. Supp.2d 228, 239 (S.D.N.Y. 2005); *Salahuddin v. Mead*, 95-CV-8581, 2002 WL 1968329 at *5 (S.D.N.Y. Aug. 26, 2002); *Walker v. Goord*, 98-CV-5217, 2000 U.S. Dist. LEXIS 3501, at *26 (S.D.N.Y. Mar. 21, 2000); *Bey v. Eggleton*, 96-CV-3302, 1998 WL 118158, at *4 (S.D.N.Y. Mar. 17, 1998).

[9] The Court notes that, while Plaintiff's disciplinary conviction of January 23, 2002 (which was based on the misbehavior report of January 10, 2002) was subsequently reversed on appeal, no admissible record evidence exists indicating that the reversal was based on a finding that the misbehavior report in question was intentionally false or even unintentionally false;

cell search on January 10, 2002, was somewhat attenuated from the filing of Plaintiff's grievance against Defendant Wolcott on December 18, 2002, having occurred more than three weeks after that filing. Based on this record evidence, Plaintiff's retaliation claim cannot, and does not, survive Defendants' motion for summary judgment.[10]

For each of these alternative reasons, Plaintiff's retaliation claim is dismissed.[11]

---

rather, the reversal was based merely on a finding that the disciplinary hearing was incomplete. (Dkt. No. 185, Attach. 4, at 78 [attaching memorandum from Donald Selsky stating, "THE ABOVE-NOTED SUPERINTENDENT'S HEARING HAS BEEN REVERSED ON OCTOBER 23, 2002, FOR THE FOLLOWING REASON(S): REVERSED AFTER DISCUSSION WITH ATTORNEY GENERAL'S OFFICE DUE TO INCOMPLETE HEARING RECORD."].) The Court notes further that, in his deposition, Plaintiff indicated that he possessed correction fluid at least at some point in time, testifying that (1) he did not believe correction fluid to be contraband, (2) that he believed he could possess as much correction fluid as he wanted, (3) it was available throughout the facility, and (4) it was a "possibility" that he used it in a letter to DOCS' office in Albany. (Dkt. No. 179, Attach. 2, at 68, 69 and 75 [attaching pages 66, 67 and 73 of Plaintiff's deposition transcript].)

[10]   *See Jermosen v. Coughlin*, 86-CV-0208, 2002 WL 73804, at *2 (N.D.N.Y. Jan.11, 2002) (Munson, J.) (granting summary judgment to defendants on plaintiff's retaliation claim because there was evidence demonstrating that "plaintiff in fact committed the prohibited conduct charged in the misbehavior report," the filing of which was the retaliatory act); *Battice v. Phillip*, 04-CV-0669, 2006 WL 2190565, at *7 (E.D.N.Y. Aug. 2, 2006) (finding that "defendants have submitted undisputed affidavits explaining that Plaintiff's cell was searched based on a tip that it contained contraband. Because defendants have carried their burden of demonstrating that the search would have been conducted in the absence of any retaliatory motive, and Battice has failed to put forth any evidence to dispute those assertions, summary judgment with respect to this claim is proper."); *Jordan v. Garvin*, 01-CV-4393, 2004 WL 302361, at *6 (S.D.N.Y. Feb. 17, 2004) (holding that search of cell to find written music recording contract after inmate had filed grievance challenging prison rule prohibiting inmate business transactions that precluded him from entering into contracts was not retaliatory because contract in question was contraband under relevant prison rules).

[11]   The Court notes also that Defendants are entitled to qualified immunity on this claim because "it is not well-settled that cell searches can be the subject of a First Amendment retaliation (as opposed to an Eighth Amendment cruel-and-unusual punishment) claim." *Jones v. Harris*, 665 F. Supp.2d 384, 398 (S.D.N.Y. 2009).

B.     **Plaintiff's Remaining Claims and Motions**

The only Objections offered by Plaintiff to Magistrate Judge Homer's Report-Recommendation and Orders regarding the claims and/or motions not discussed above in Part III of this Decision and Order are simply reiterations of Plaintiff's previous arguments, and/or are merely general objections. (Dkt. Nos. 202, 204.)

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation and Orders, and Plaintiff's Objections thereto, the Court concludes that Magistrate Judge Homer's thorough Report-Recommendation and Orders regarding the claims and motions not discussed above in Part III of this Decision and Order are correct in all respects. Magistrate Judge Homer employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.[12] As a result, the Court accepts and adopts the remainder of Magistrate Judge Homer's Report-Recommendation, and affirms his Orders on Plaintiff's three non-dispositive motions, for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that United States Magistrate Judge David R. Homer's Report-Recommendation (Dkt. No. 194) is **ACCEPTED** and **ADOPTED as modified** by this Decision and Order; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 179) is **GRANTED** in its entirety; and it is further

---

[12]   The Court notes that those portions of the Report-Recommendation would survive even *de novo* review.

**ORDERED** that Plaintiff's claims against Defendants Leferve, McLaughlin, Mehrmann, Pasquil, and Sanders are **DISMISSED** from the action, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b); and it is further

**ORDERED** that all other Defendants are **DISMISSED** from this action with prejudice; and it is further

**ORDERED** that Magistrate Judge Homer's Order denying Plaintiff's motion to supplement the pleadings (Dkt. No. 186, 194) is **AFFIRMED**, and it is further

**ORDERED** that Magistrate Judge Homer's Orders denying Plaintiff's two motions to strike certain documents from the record (Dkt. Nos. 187, 193, 194, 201) are **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** in its entirety.

Dated: March 31, 2010
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge